[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14389
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00046-SPM-WCS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCO NICHOLAS PADGETT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 15, 2013)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Franco Padgett appeals his conviction and 110-month sentence, imposed after being convicted of conspiracy to burglarize a pharmacy of controlled substances in violation of 18 U.S.C. § 2118(d).[1]  Padgett presents four arguments on appeal: (1) whether the introduction of hearsay statements by an unidentified informant violated his Confrontation Clause rights, (2) whether the district court committed plain error when it allowed evidence of prior drug dealing, (3) whether the evidence was sufficient to sustain a conviction for conspiracy to commit burglary, and (4) whether his sentence was procedurally unreasonable.  We address each argument in turn, and affirm Padgett's conviction and sentence.

## I.

Padgett challenges as hearsay testimony by a police officer that an unidentified source told him Padgett was involved in selling prescription medication, and was known in the community for doing so.  Padgett claims, for the first time on appeal, that the introduction of this testimony violated *Crawford v. Washington*, 124 S. Ct. 1354 (2004) and the Confrontation Clause of the Sixth Amendment.

---

[1]  Padgett was also convicted of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  He does not specifically challenge this conviction on appeal.

2

When a party raises a claim of evidentiary error for the first time on appeal, we review it for plain error only. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). Under this standard, Padgett must show (1) an error occurred, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness of the judicial proceedings. *See id.* at 1276.

The Supreme Court has explained that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 124 S. Ct. at 1369 n.9. Out-of-court witness statements made to law enforcement officials are admissible as non-hearsay if the statements are relevant to explain the course of subsequent investigative actions, "and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement." *United States v. Jiminez*, 564 F.3d 1280, 1288 (11th Cir. 2009). However, testimony from a police officer describing what a confidential source told him, that is relied on by the prosecutor for the truth of the matter asserted, violates the Confrontation Clause. *Mason v. Allen*, 605 F.3d 1114, 1123 (11th Cir. 2010).

In this case, the Government did not use the controverted testimony to establish the truth of the matter asserted. Consequently, the Confrontation Clause

3

not implicated.  *See Crawford*, 124 S. Ct. at 1369 n.9.  The Government used the tips from the source to "explain the course of the officials' subsequent investigative actions," and described why the investigation was expanded to include Padgett.  *See Jiminez*, 564 F.3d at 1288.  Additionally, the danger of unfair prejudice resulting from the testimony was minimal because the Government presented other testimonial evidence that Padgett had previously distributed illegal drugs.  *See* Fed. R. Evid. 403.  For this same reason, Padgett's substantial rights were not affected even if we assumed plain error.

## II.

Padgett next argues the introduction of evidence of prior bad acts through the officer's testimony without the pre-trial notice required under Federal Rule of Evidence 404 mandates reversal.  He claims he would have objected to the testimony if the Government had provided notice.  When a party fails to object to a Rule 404(b) issue in the district court, we review for plain error.  *United States v. Church*, 955 F.2d 688, 700 (11th Cir. 1992).

Federal Rule of Evidence 404(b) "prohibits evidence of offenses or illegal acts extrinsic to a defendant's indictment to show the defendant's bad character." *United States v. Costa*, 691 F.2d 1358, 1361 (11th Cir. 1982).  If the defendant in a criminal prosecution requests it, the prosecution must provide reasonable notice

in advance of trial or during trial if the court excuses pretrial notice on good cause shown, "of the general nature of any such [prior bad acts] evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2).

Assuming Padgett requested notice and triggered the duty of the prosecution to give notice, Padgett cannot establish plain error. Even if Padgett had objected or moved to suppress the statement, it would not have precluded evidence of his drug dealing, as several other witnesses testified that they had previously bought or received drugs from Padgett. Thus, Padgett has not shown an error that affected his substantial rights.

## III.

Padgett claims the evidence was insufficient to sustain a conviction for conspiracy to commit burglary. Padgett was convicted under 18 U.S.C. § 2118(d), which a defendant violates "[i]f two or more persons conspire to violate subsection (a) or (b) of this section and one or more of such persons do any overt act to effect the object of the conspiracy." 18 U.S.C. § 2118(d). Subsection (b) provides that "[w]hoever, without authority, enters or attempts to enter, or remains in, the business premises . . . with the intent to steal any material or compound containing any quantity of a controlled substance shall" be fined or imprisoned, or both. 18 U.S.C. § 2118(b).

5

We review *de novo* a sufficiency-of-the-evidence challenge, "viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." *Jiminez*, 564 F.3d at 1284. "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

"An agreement may be proved by either direct or circumstantial evidence and a common scheme or plan may be inferred from the conduct of the participants or from other circumstances. *United States v. Diaz*, 190 F.3d 1247, 1254 (11th Cir. 1999). The Government does not have to prove the defendant "knew every detail" or "participated in every stage" of a conspiracy. *Id.*

After viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict, we conclude the jury could have found Padgett guilty under a reasonable construction of the evidence. *Chastain*, 198 F.3d at 1351. The jury may have properly relied on circumstantial evidence to conclude Padgett was involved in the conspiracy to commit burglary. *See Diaz*, 190 F.3d at 1254. The evidence showed Padgett was present at the planning meeting, brought bleach to help destroy the blood evidence, and received a share of the stolen pills for his efforts. The Government

6

did not have to show Padgett actually participated in the breaking and entering of the pharmacy to prove his role in the conspiracy. *Id.* Accordingly, the evidence was sufficient to support Padgett's conviction for conspiracy to commit burglary.

IV.

Finally, Padgett argues his sentence is procedurally unreasonable because the court did not rule on his motion for a downward departure. Review of procedural sentencing claims may be reviewed for plain error when the defendant failed to object below. *See, e.g., United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010). Under this standard, Padgett must show the plain error affected his substantial rights. *Id.* Showing that an error affects substantial rights will usually require the defendant to show the error "affected the outcome of the district court proceedings." *Id.* at 1382 (quotation omitted). If the effect of an error on the result in the district court is uncertain or indeterminate, forcing us to speculate, the defendant does not meet his burden. *Id.*

Assuming the district court committed plain error by not considering Padgett's argument for downward departure, Padgett has not met his burden of showing the result would have been different but for the error. *Id.* It is within the district court's discretion whether to grant a downward departure, *see* U.S.S.G. 4A1.3(b)(1), and the record does not indicate that the district court was inclined to

7

apply that discretion.  Because we would be forced to speculate as to whether the district court would grant Padgett's request for a downward departure based on his criminal history, Padgett has not shown that his substantial rights have been affected.  *Id.*

**AFFIRMED.**